UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOMESTIC BANK | : | |
| | : | |
| v. | : | C.A. No. 07-355-S |
| | : | |
| GLOBAL EQUITY LENDING, INC. | : | |

**ANSWER OF GLOBAL EQUITY LENDING, INC.**
**TO PLAINTIFF'S COMPLAINT**

*Parties – Jurisdiction and Venue*

1. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies such allegations.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant admits the existence of the Broker Agreement between the parties and that paragraph 23 of the Agreement is correctly quoted, but denies the remaining allegations of paragraph 5.

*Background*

6. Defendant admits the existence of the Broker Agreement between the parties, but denies the remaining allegations contained in paragraph 6.

7. Defendant admits the existence of the Broker Agreement between the parties and that paragraph 8(g) of the Agreement is correctly quoted except "inquiries" should be "inquiry", but denies the remaining allegations of paragraph 7.

8. Defendant admits the existence of the Broker Agreement between the parties and that paragraph 8(h) of the Agreement is correctly quoted, but denies the remaining allegations of paragraph 8.

9. Defendant admits the existence of the Broker Agreement between the parties and that paragraph 8(i) of the Agreement is correctly quoted except that "other than the amount" should be "if any amount", but denies the remaining allegations of paragraph 9.

10. Defendant admits that it employed Joshua Gipson and Andre L. Little but denies the remaining allegations of paragraph 10.

11. Defendant admits that plaintiff made several loans originated by Global Equity Lending, Inc., but denies the remaining allegations contained in paragraph 11.

12. Denied.

13. Defendant is without information sufficient to form a belief as to the truth of the default allegations contained in paragraph 13, denies that it has any obligation to repurchase or pay charges, and otherwise denies the remaining allegations of paragraph 13.

14. Denied.

15. Defendant is without information sufficient to form a belief as to the truth of the default allegations contained in paragraph 15, denies that it has any obligation to repurchase or pay charges, and otherwise denies the remaining allegations of paragraph 15.

16. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies said allegations.

17. Denied.

18. Defendant is without information sufficient to form a belief as to the truth of the default allegations contained in paragraph 18, denies that it has any obligation to repurchase or pay charges, and otherwise denies the remaining allegations of paragraph 18.

19. Denied.

20. Defendant is without information sufficient to form a belief as to the truth of the default allegations contained in paragraph 20, denies that it has any obligation to repurchase or pay charges, and otherwise denies the remaining allegations of paragraph 20.

21. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies said allegations.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied. Defendant further denies that Exhibit A was attached to the complaint served on it.

27. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies said allegations. Defendant further denies that Exhibit B was attached to the complaint served on it.

28. Denied.

29. Denied.

## COUNT I

## BREACH OF CONTRACT

30. Defendant repeats and realleges its answers to paragraphs 1 through 29 as if set forth herein in response to the allegations contained in paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II

## FRAUD

36. Defendant repeats and realleges its answers to paragraphs 1 through 35 as if set forth herein in response to the allegations contained in paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**COUNT III**

**NEGLIGENCE**

42. Defendant repeats and realleges its answers to paragraphs 1 through 41 as if set forth herein in response to the allegations contained in paragraph 42.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against this defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to plead fraud with the particularity required under Fed.R.Civ.P. 9(b).

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to properly mitigate the damages it sustained, if any.

**WHEREFORE**, Defendant, Global Equity Lending, Inc. demands that plaintiff's Complaint be denied and dismissed with prejudice and that costs and attorney's fees be

awarded to this defendant.

DEFENDANT,
GLOBAL EQUITY LENDING, INC.
By Its Attorneys,

/s/ William R. Grimm

William R. Grimm (#1938)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Tel. (401) 274-2000
Fax. (401) 277-9600
E-mail: wgrimm@haslaw.com

**CERTIFICATION**

| | |
|---|---|
| To:<br><br>Harris K. Weiner, Esq.<br>321 South Main Street, Suite 302<br>Providence, RI 02903 | |

I hereby certify that on November 9, 2007, a copy of the foregoing Defendant Global Equity Lending, Inc.'s Answer to Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ William R. Grimm
William R. Grimm

#838207