UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| | : | District Court |
| Domestic Bank<br>Plaintiff, | : | C.A. No. 07-355-S |
| vs. | : | |
| Global Equity Lending, Inc., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**RULE 16 STATEMENT OF PLAINTIFF DOMESTIC BANK**

**BACKGROUND**

Plaintiff Domestic Bank is a federally chartered bank with a principal place of business in Cranston, Rhode Island. Plaintiff engaged in a Mortgage Broker Agreement with Defendant Global Equity Lending, Inc. which is a Georgia corporation. The Defendant referred a series of loan applications to the Plaintiff which contained material misrepresentations and inaccuracies for which the Defendant was responsible. Several loans failed. Plaintiff's action sounds in breach of contract, fraud and negligence.

The loans at issues include six loans through three borrowers. Two of the borrowers are located in Florida, one in California and one in Texas. With respect to a first and second mortgage package funded by Domestic in Florida, Defendant's agent had an undisclosed interest in the property, submitted a fraudulent appraisal and omitted other relevant properties owned by the borrower. The sales price of this property, as well as that of the other Florida loans, was greater than the fair market value reflected in the loan file because the appraiser inflated the

value of subject properties. Defendant's agents in Florida created an apparent Ponzi scheme in which borrowers invested in pooled properties managed by these agents. Defendant was negligent in controlling its agents and discovering their malfeasance.

The first and second mortgages funded by Domestic Bank in California were predicated on the borrower's income which was materially misrepresented and inflated by approximately two hundred percent, a fact that the Defendant knew or should have known. The Texas loans involved knowingly falsified income information and concealed the fact that the property was purchased for a third-party renter and not for use as a second home by the borrower which would have affected the underwriting and rate categories during the approval process. Total damages are approximately $750,000.00.

## DISCOVERY

The parties have not yet exchanged documents as this Rule 16 Conference was accelerated to accommodate the medical leave of Plaintiff's counsel who is court-excused from November 23, 2007 through December 31, 2007 for hip surgery. In view of this health issue, the document-intensive nature of discovery, the likelihood of depositions in foreign jurisdictions and the likely need for experts, Plaintiff requests ten months for discovery.

## ISSUES

The parties contest whether the Defendant breached the Mortgage Broker Agreement. The Plaintiff contends that three provisions of that contract were violated including, (1) a duty to diligently inquire into all facts and circumstances in making the loans, including material representations and warranties of the borrower; (2) disclosure of any circumstances or conditions

which might indicate that the appraisal is incomplete or inaccurate; and (3) disclosure of any conflicts of interest, whether with the borrower or third-parties such as agents, appraisers or real estate brokers. Discovery will also focus on whether Defendant made any intentional or material misrepresentations constituting fraud and whether Defendant negligently violated the industry's underwriting standards or the standards enunciated in the Mortgage Broker Agreement.

Respectfully submitted
Plaintiff Domestic Bank
By its Attorney,

/s/Harris K. Weiner
Harris K. Weiner, Esq. #3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032

**Certification**

I hereby certify that on this **19th** day of **November, 2007**, I mailed, postage prepaid, a true copy of the within to the attorney of record listed below.

/s/Harris K. Weiner

William R. Grimm, Esq.
Hinckley, Allen & Synder LLP
50 Kennedy Plaza
Providence, Rhode Island 02903