**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

: District Court

Domestic Bank
Plaintiff, :

vs. :

Global Equity Lending, Inc., : C.A. No. 07-355 S
Defendant.

:

**REPLY MEMORANDUM OF DOMESTIC BANK TO OBJECTION OF GLOBAL EQUITY LENDING, INC. TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Now comes Plaintiff Domestic Bank to reply to the Objection of Defendant Global Equity Lending, Inc. to Plaintiff's Motion to Extend Discovery by noting the following facts for the Court's consideration at Hearing on July 18, 2008.

1. This is the first request by either party for a continuance.

2. Expert testimony is required for Plaintiff's prima facie case on Count III of its Complaint which sounds in negligence.

3. Exclusion of Plaintiff's expert will constitute an unduly severe sanction for a seven- week delay in naming an expert.

4. Plaintiff propounded Interrogatories and a Request for Production of Documents on March 24, 2008. Responses were received on April 24, 2008. The Defendant did not make initial disclosures until April 23, 2008.

5. Plaintiff did not review Defendant's documents until late May because the Defendant's Response to the Request for Production indicated that the documents were "produced" to the Plaintiff, as opposed to being available for inspection. No production was made. A

subsequent telephone conversation in mid-May between counsel revealed that the documents were available for inspection at Defendant counsel's office.

6. The expert disclosure deadline on May 19, 2008 predated the deadline for factual discovery by two months leaving Plaintiff unable to inform its expert of the basis for Defendant's defenses or have the benefit of discovery for purposes of expert analysis and opinion.

7. Plaintiff's first noticed Defendant's 30(b)(6) deposition for June 9, 2008 upon ten days' notice. Just prior to the deposition which was to convene in Atlanta, Georgia where the Defendant is headquartered, Defendant cancelled by e-mail late Friday afternoon June 6, 2008 requesting additional time to prepare. Plaintiff assented and agreed on June 30, 2008 as the next date for the deposition in Atlanta. Plaintiff's counsel booked passage on Delta flying directly from T.F. Greene airport to Atlanta on the afternoon of June 29, 2008. He arrived two hours prior to flight and received a boarding pass, but was excluded from the flight along with 19 other passengers purportedly because the airline needed to lighten the load to use a shorter runway. There were no other available flights to Atlanta that day. Thus, the 30(b)(6) deposition of June 30, 2008 was cancelled, and Atlanta counsel for the Defendant indicated that he was unavailable until August due to other court commitments.

8. If counsel is to be faulted, it is for being too courteous to each other in assenting to extensions to Answer the Complaint and to file Plaintiff's initial disclosure.

9. Because Plaintiff is a financial institution and the subject matter of this suit is loan transactions, counsel was able to determine from Plaintiff's personnel the basic theory of the case and its viability without an independent expert. It was unclear, however, until after substantial discovery was conducted what expert would be appropriate for this case.

10. A ninety–day continuance of the expert disclosure and discovery deadlines in this case will not prejudice the Defendant.

11. Denial of Plaintiff's request and exclusion of its expert is tantamount to dismissal of its negligence claim. This leaves contract remedies (and those related to fraud which is a more difficult burden of proof than negligence) for the Plaintiff which may be inadequate to recover the full measure of its damages. This constitutes an inappropriate sanction under the factors identified by the First Circuit Court of Appeals. *Malot v. Dorado Beach Cottages Associates*, 478 F.3d 40, 44 (1st Cir. 2007)("the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and adequacy of lesser sanctions" as well as notice from the court).

For these reasons and those set forth in Plaintiff's Motion to Extend Discovery, Plaintiff respectfully requests that the deadlines be adjusted by 90 additional days for expert disclosure and the close of discovery.

Respectfully submitted
Plaintiff Domestic Bank
By its Attorneys,

/s/ Harris K. Weiner
Harris K. Weiner, Esq. (R.I. Bar No. 3779)
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032
E-mail: hkw@pinelaw.com

Certification

I hereby certify that on this 14th day of July, **2008**, I faxed and mailed, postage prepaid, a true copy of the within to the attorney(s) of record listed below.

/s/ Harris K. Weiner

William R. Grimm, Esq.
Hinckley, Allen & Synder LLP
50 Kennedy Plaza
Providence, Rhode Island 02903

Anthony Deluca, Esq.
Dinur & Deluca, LLC
One Lakeside Commons
990 Hammond Drive
Suite 760
Atlanta, Georgia 30328