UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOMESTIC BANK,<br>Plaintiff, | : | |
| v. | : | CA 07-355 S |
| GLOBAL EQUITY LENDING, INC.,<br>Defendant. | : | |

**ORDER**
**GRANTING MOTION**
**TO EXTEND DISCOVERY**

Before the Court is Plaintiff's Motion to Extend Discovery (Doc. #13) ("Motion"). A hearing was conducted on July 18, 2008. The Motion is granted for the following reasons.

First, the deadlines which Plaintiff seeks to extend have not previously been extended.

Second, the Motion was filed on July 1, 2008, before the close of discovery. See Pretrial Order (Doc. #8).

Third, Defendant will not be prejudiced if the Motion is granted.

Fourth, Defendant is at least partly responsible for the circumstances which have caused Plaintiff to seek this extension. Defendant did not make initial disclosures until April 23, 2008, four days after the date by which Plaintiff was to identify its expert witness(es).[1] See Recording of 7/18/08 Hearing. Defendant's response to Plaintiff's request for production incorrectly advised Plaintiff that the documents were "produced" to Plaintiff as opposed to being available for inspection. No production was made. A subsequent telephone call in mid-May

[1] At the hearing, Defendant's counsel noted that this delay was by agreement of counsel. The Court doubts, however, that Plaintiff's counsel in so agreeing anticipated that if Plaintiff needed an extension of discovery deadlines as a result of the agreement that Defendant would oppose it.

between counsel revealed that the documents were available for inspection at Defendant's counsel's office. Defendant also sought a continuance of the Rule 30(b)(6) deposition which Plaintiff had scheduled for Monday, June 9, 2008, in Atlanta, Georgia. The request for a continuance was made late in the afternoon of the Friday preceding the deposition date. Plaintiff assented to the requested continuance, and the deposition was rescheduled to June 30.

Fifth, while the circumstances described in the Motion and in Plaintiff's reply memorandum, see Reply Memorandum of Domestic Bank to Objection of Global Equity Lending, Inc. To Plaintiff's Motion to Extend Discovery (Doc. #15), do not fully excuse Plaintiff's delay in initiating discovery in this matter, they do mitigate it to some degree. In addition, Plaintiff's counsel was prevented from attending the rescheduled Rule 30(b)(6) deposition on June 30, 2008, by the airline's action in excluding him and nineteen other passengers from the flight because of a need to reduce the takeoff weight of the aircraft. If Defendant had not sought a continuance of that deposition and if the airline had not denied Plaintiff's counsel his scheduled flight, the rescheduled deposition would have already been completed. The length of the continuance which Plaintiff seeks would have been shortened considerably.

For these reasons, the Motion is granted and the discovery dates established by the Pretrial Order are each extended by 120 days. Accordingly, Plaintiff's expert witness disclosures are due by August 19, 2008; Defendant's expert witness disclosures are due by September 19, 2008; expert discovery closes on November 19, 2008; fact discovery closes on November 19, 2008; dispositive motions are due December 5, 2008; pretrial memoranda are due 30 days after a decision on any dispositive motion or, if no dispositive motions are filed, by December 19, 2008.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 18, 2008