**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| | : | District Court |
| Domestic Bank<br>Plaintiff, | : | C.A. No. 07-355-S |
| vs. | : | |
| Global Equity Lending, Inc., | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Now comes Plaintiff Domestic Bank in accordance with Fed. R. Civ. P. 15(a) to amend its Complaint to name two additional defendants, World Leadership Group, Inc., a Georgia corporation, and Hubert Humphrey, a citizen of Georgia. Plaintiff also seeks to add factual allegations and one count for fraudulent conveyances, one count for breach of fiduciary duty to creditors, one count for Declaratory Judgment to pierce the corporate veil of Defendant Global Equity Lending, Inc., and one count of interference with contractual relations. In support thereof, Plaintiff submits the accompanying Memorandum of Law in support of its Motion to Amend Complaint.

Respectfully submitted
Plaintiff Domestic Bank
By its Attorney,

/s/Harris K. Weiner
Harris K. Weiner, Esq. #3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032

**Certification**

I hereby certify that on this 20th day of August 2008 I mailed, postage prepaid, a true copy of the within to the attorneys of record listed below.

/s/Harris K. Weiner

William R. Grimm, Esquire
Hinckley, Allen & Synder LLP
50 Kennedy Plaza
Providence, RI 02903

William McLean, Esquire
Merritt & Tenney
200 Galleria Parkway N.W.
Suite500
Atlanta, GA 30339-3183

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| | : | District Court |
| Domestic Bank<br>Plaintiff, | : | C.A. No. 07-355-S |
| vs. | : | |
| Global Equity Lending, Inc., | : | |
| Defendant. | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT

Now comes Plaintiff Domestic Bank in accordance with Fed. R. Civ. P. 15(a) to name two additional Defendants based on information obtained at the August 5, 2008 Rule 30(b)(6) deposition of the Defendant corporation.

## BACKGROUND

Domestic Bank ("Domestic" of "Plaintiff") has sued Defendant Global Equity Lending, Inc. ("Global" of "Defendant") pursuant to a June 6, 2005 Broker Agreement between the parties under which Global directed residential loans to Domestic for funding in areas which included Florida, Texas and California. Several of these loans defaulted due to Global's acts and omissions which gave rise to this action which presently sounds in breach of contract, negligence and fraud.

Plaintiff discovered last week that World Leadership Group, Inc., a Georgia corporation, that is a parent to Defendant Global Equity Lending, Inc., is Global's marketing arm, has funded operations at Global Equity Lending, Inc. since 2006 and that

one of its principals, Hubert Humphrey, who is also a shareholder in Global, had his personal income taxes of approximately Two Million Dollars paid by Global in 2006. Mr. Humphrey maintains an office at the same principal place of business as Global and Global's Chief Financial Officer reports to him rather than to Global's President. Plaintiff Domestic Bank now seeks to add World Leadership Group, Inc. and Hubert Humphrey as additional Defendants to this action by amending its Complaint in the form attached hereto.

## LEGAL STANDARDS

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Here, additional causes of action against additional Defendants arise from the same facts supporting the current Complaint. Grounds for the amendment are both substantive and substantial.

Regarding parent and/or personal liability, the facts support disregarding Global's corporate status. Even when corporate formalities are observed, factors such as under-capitalization, control by the principal of an affiliate as an *alter ego* of the corporation, common ownership and officers, financial support by the affiliate, and preferential financial treatment of directors, can cause a court to disregard the corporate structure and hold directors, officers, owners and parent corporations liable for the obligations of the manipulated corporate entity. National Hotel Associates v. O. Ahlborg & Sons, Inc. and Richard Ahlborg, 827 A.2d 646 (R.I. 2003). In evaluating the degree of separateness between two affiliated companies, courts look to the totality of the circumstances for purposes of deciding whether to pierce the corporate veil. Id. at 652. "When the facts of a particular case render it unjust and inequitable to consider the subject corporation a

separate entity we will not hesitate to disregard the corporate form and treat the defendant as an individual who is liable for the debts of the disregarded corporation." Id. at 652 quoting R & B Electric Co. v. Amco Construction Co., 471 A.2d 1351, 1354 (R.I. 1984).

Where entities are mere instrumentalities, agents, departments or *alter egos* of one another, courts have pierced the corporate veil. In re Stop & Go of America, Inc., 49 B.R. 743 (D. Mass. 1985). Moreover, when there is confusing intermingling of assets, books and creditors, or serious ambiguity about the manner and capacity in which the various corporations and their representatives are acting, the corporation can be disregarded. Id. at 448. Further, if the business of the subsidiary is part of the business of the holding company, and the holding company dominates the affairs of the subsidiary through its ownership and common officers, and actually directs the affairs of the subsidiary as part of its own business, for which purpose the subsidiary was organized, the courts will look through the corporate form and hold that the subsidiary is a mere adjunct to or instrumentality for the holding company. Centmont Corp. v. Marsch, 68 F.2d 460 (1st Cir. 1933).

The potential causes of action that arise when the corporate veil is pierced include claims for fraudulent transfers, breach of fiduciary duty to creditors and interference with contractual relations. National Hotel Associates v. O. Ahlborg. & Sons, Inc., supra.

## DISCUSSION

In the present action, the initial stages of discovery have revealed the following relevant facts. In its answers to Interrogatories, Defendant stated that "it is a Georgia Corporation that is wholly owned by World Lending Group Holdings, LLC, a Georgia limited liability company. World Lending Group Holdings, LLC's sole member is New

World Holdings, Inc., a Georgia corporation." *Global Equity Lending, Inc.'s Responses to Plaintiff's First Set of Interrogatories, Answer No. 21.* The Defendant's 30(b)(6) deposition, however, also revealed that another entity, World Leadership Group, Inc. is the parent to the entities listed above. World Leadership Group, Inc. "is the marketing arm of Global Equity Lending." *Deposition Transcript of Global's President, David Stockley, at 13, 20.* It also owns or controls Global Realty Marketing, Inc. which does business with Global Equity Lending, Inc. World Leadership Group, Inc. is controlled and owned in whole or significant part by S. Hubert Humphrey, Jr. *Stockley at 24.* Another family member, Norma Humphrey, is listed in the records of the Georgia Secretary of State as the CEO of New World Holdings, Inc. and a son, Jody Humphrey, is Executive Field Director for Defendant Global. All the above entitles are located at 6465 East Johns Crossing, Johns Creek Georgia and are all owned in substantial part or whole by the members of the Humphrey family and/or their trustees. *Deposition Testimony of Robert Dollar, CFO of the companies.*

World Leadership Group, which operates as a tiered marketing scheme, provides marketing for its subsidiary entities. *Stockley at 13, 20.* These businesses operate "Amway-Type" of hierarchal sales organizations where employees receive additional compensation by recruiting subordinates. Although David Stockley, President of Global is listed with the Georgia Secretary of State as CEO, CFO and Secretary of Global, he stated in his deposition that he did not handle the company's finances which are managed by Robert Dollar, CFO of World Leadership Group, Inc. Mr. Dollar in his deposition stated that he manages the finances of the interrelated entities and answers to Mr. Humphrey. *Dollar deposition at 24-26.*

According to Mr. Dollar, Global Equity Lending, Inc. in 2006 made personal income tax payments totaling Two Million Dollars on Mr. Humphrey's behalf at the direction of Mr. Humphrey's attorney and accounting firm. *Dollar at 13, 23, 25.* Mr. Humphrey has also directed World Leadership Group, Inc. to lend approximately $800,000.00 to Global to pay selected bills while it winds down its business. *Dollar at 8, 23.* Global Equity Lending, Inc. is currently insolvent and unable to meet obligations incurred in the normal course of business. *Dollar at 11.* Mr. Stockley stated at his deposition that he does not know if he will be working for Global "tomorrow," and that personnel and accounts presently are being transferred to The Money Store (another mortgage company) pursuant to an arrangement negotiated by World Leadership Group. *Stockley at 47, 18.*

Mr. Humphrey apparently calls the shots for his entire family of companies. His personal taxes are paid by Global, whose CFO answers not to Global's President but to Mr. Humphrey and Mr. Humphrey's personal financial advisor. *Dollar at 24.* Mr. Humphrey's World Leadership Group is "the marketing arm of Global." Mr. Humphrey apparently decides where Global's employees and files will be transferred and how much capital Global will have on hand to pay creditors. Global appears to be the *alter ego* of Mr. Humphrey.

It would be unjust to allow Mr. Humphrey to receive preferential treatment over Global's creditors whose claims Mr. Humphrey controls through funding and his CFO, Mr. Dollar. Mr. Humphrey is the *de facto* director of Global who owes a fiduciary duty to his creditors, including Domestic. Global had 4.4 Million Dollars in shareholder equity in 2007 and Ten Million Dollars in assets. *Dollar Exhibit 17.* In 2008, shareholder

equity became a ($357,839.00) negative figure and assets fell below $900,000.00 while Global was being stripped of assets. At the same time, a new administrative entity, Inspirion, was created with World Leadership Group personnel at the same location to assist in the transition from Global to The Money Store and to maintain the tiered marketing system for The Money Store. *Dollar at 4, 27, 29. Stockley at 19.* The President of Inspirion is the former CEO of Global and a member of Mr. Humphrey's senior management team Id. at 18, 19, 106.

The payment of Mr. Humphrey's taxes by Global in 2006 would seem to be a fraudulent conveyance as the company became insolvent shortly thereafter. Clearly, the Two Million Dollar payments caused Global to become under-capitalized, and Mr. Humphrey or New World Leadership, Inc.'s loans to Global have not met Global's cash flow needs or the claims of creditors. Furthermore, the winding down of Global by Humphrey and World Leadership Group includes the fraudulent transfer of Global's assets to The Money Store, another mortgage entity, through which Global's mortgage activities will be maintained, at the expense of Global's creditors. Further discovery is likely to reveal even more involvement by Mr. Humphrey in Global's affairs.

The actions of Mr. Humphrey and/or World Leadership Group, Inc. warrant piercing the corporate veil of Global. Plaintiff requests leave to add one count for Declaratory Judgment that Global's corporate status be disregarded for purposes of liability and that Humphrey and World Leadership Group, Inc. be declared liable for Global's liabilities; one count of breach of fiduciary duty against Humphrey, World Leadership Group, Inc. and Global, one count of fraudulent conveyances against

Humphrey, World Leadership Group, Inc. and Global, and one count of interference with contractual relations against these Defendants.

Respectfully submitted
Plaintiff Domestic Bank
By its Attorney,

/s/Harris K. Weiner
Harris K. Weiner, Esq. #3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032

**Certification**

I hereby certify that on this 20th day of August 2008 I mailed, postage prepaid, a true copy of the within to the attorneys of record listed below.

/s/Harris K. Weiner

William R. Grimm, Esquire
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza
500
Providence, Rhode Island 02903

William McLean, Esquire
Merritt & Tenney
200 Galleria Parkway N.W., Suite

Atlanta, GA 30339-3183